IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> 895,286 SQUARE FEET (20.55 ACRES) OF LAND, MORE OR LESS, SITUATE IN LANDOVER, PRINCE GEORGE'S COUNTY, MARYLAND, <br><br> and <br><br> KNICKERBOCKER PROPERTIES, INC., XI, ET AL., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 8:20-cv-2165-TDC |

## ORDER ACCEPTING STIPULATION OF JUST COMPENSATION AND DISMISSING WITH PREJUDICE DEFENDANT KNICKERBOCKER PROPERTIES, INC., XI

Upon consideration of the Stipulation of Just Compensation executed by Plaintiff Washington Metropolitan Area Transit Authority ("WMATA") and Defendant Knickerbocker Properties, Inc., XI ("Knickerbocker"), and for good cause appearing, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Just compensation for the property acquired by WMATA, as more fully described in Schedules C, D, and E of the Declaration of Taking (ECF No. 2) (the "Property"), exclusive of the interests of parties other than Knickerbocker named in Schedule G of the Declaration of Taking, shall be the sum of $48,000,000, inclusive of costs, fees, and interest.

2. The said sum of $48,000,000 shall be just compensation and in full satisfaction of all claims of whatsoever nature against WMATA by Knickerbocker and other parties not

otherwise named in Schedule G of the Declaration of Taking by reason of the institution and prosecution of this action and taking of the Property.

3. In the event that any other party other than those listed in Schedule G of the Declaration of Taking is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Property taken in this case, Knickerbocker shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the award by Knickerbocker to the date of repayment into the Registry of the Court.

4. Knickerbocker shall pay and discharge in full all taxes, liens, encumbrances and charges of whatsoever nature existing against the Property at the time of vesting of title in WMATA.

5. As WMATA has previously deposited $40,000,000 as estimated just compensation, the deficiency amount between this amount and the agreed settlement of $48,000,000 is $8,000,000. WMATA shall pay into the Registry of the Court, and the Clerk is directed to accept, the deficiency amount of $8,000,000.

6. WMATA and Knickerbocker shall be responsible for their own legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other expenses relating to this litigation).

7. Upon WMATA depositing the deficiency amount of $8,000,000 into the Court Registry, the Clerk of the Court shall, without further order of this Court, disburse all sums on deposit in the Registry of the Court, by mailing the check made payable to "Miller, Miller & Canby in Trust" to Knickerbocker's counsel at the following address:

Joseph P. Suntum
Miller, Miller & Canby
200-B Monroe Street
Rockville, MD 20850

8. Following disbursement of the above sums, Defendant Knickerbocker is DISMISSED with prejudice from this action.

IT IS SO ORDERED.

Date: 10/12/2021

_____
U.S. DISTRICT COURT JUDGE